**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LEIGHTON F. WILSON,

    Plaintiff,

v.                                                            Case No. 3:15-cv-630-J-32PDB

HSBC BANK USA NATIONAL
ASSOCIATION, AS TRUSTEE FOR
LEHMAN MORTGAGE TRUST
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-6,
OCWEN LOAN SERVICING LLC, AND
TO ALL PERSONS UNKNOWN
CLAIMING AND LEGAL OR EQUITABLE
RIGHT, TITLE, ESTATE, ANY LIEN OR
INTEREST IN THE SUBJECT
PROPERTY,

    Defendants.

**O R D E R**

    This case is before the Court on pro se Plaintiff Leighton F. Wilson's Motion for Leave of Court to Amend Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5). On May 21, 2015, the Court entered an order indicating that it likely did not have subject-matter jurisdiction over this case, but allowing Wilson to amend his complaint to plead federal jurisdiction. (Doc. 4.) The Court advised Wilson that it would dismiss the case without further notice if he could not demonstrate proper federal jurisdiction. (Id. at 2.) Wilson filed his motion for leave on June 5, 2015 and attached a proposed amended complaint. (Docs. 5, 5-1.) Upon review, the Court determines that the

motion for leave is due to be denied and the case dismissed.[1]

As the Court previously stated, federal subject-matter jurisdiction is generally limited to cases presenting federal questions and those implicating diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332. It appears that the amended complaint still fails to implicate either ground for jurisdiction.

While the original complaint claims to be an action to quiet title, the proposed amended complaint expressly states that it is bringing claims for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.204 and 501.206, violation of certain Florida Rules of Civil Procedure, for intentional misrepresentation, and for concealment. (Doc. 5-1 at 1.) One passing reference to "The Due Process Clause, and numerous Constitutional guarantees" and one to the Truth in Lending Act, 15 U.S.C. §§ 1601 and 1640(a), do not transform Wilson's state law claims into federal ones. (Doc. 5-1, ¶¶ 15-16.) Similarly, stating in a conclusory fashion that this Court has jurisdiction to hear his civil rights and then name-checking certain federal civil rights statutes (see id., ¶ 3), do not give rise to federal jurisdiction under 28 U.S.C. §§ 1332 or 1343, particularly when the rights Wilson seeks to vindicate are statutory and procedural rights under Florida law.[2] Coventry First, LLC, 605 F.3d at 870 (citing McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994); see Miccosukee Tribe of Indians of Fla. V. Kraus-Anderson Constr. Co., 607

---

[1] Since Wilson already had leave to amend, his motion for leave was technically unnecessary. But for the reasons discussed below, the proposed amended complaint still fails to establish federal jurisdiction. The Court therefore has the discretion to deny the motion as futile. Coventry First, LLC v. McCarty, 605 F.3d 865, 869-70 (11th Cir. 2010). This is particularly true in light of the Court's obligation to ensure its jurisdiction has been properly invoked.

[2] The Court declines Wilson's invitation to federalize by judicial fiat all foreclosure actions in the State of Florida. (Id., ¶ 3.)

F.3d 1268, 1273 (11th Cir. 2010) ("[A] mere incantation that the cause of action involves a federal question is not always sufficient.").

Diversity jurisdiction appears to be lacking, as well. Wilson is apparently a citizen of Florida. (Doc. 5-1 at 15.) The proposed amended complaint still names Ocwen Loan Servicing LLC, as a defendant (id. at 1) and later seeks relief for the alleged wrongful acts of the Law Offices of Clarfield, Okon, Salomone & Pincus, P.L. (Id., ¶¶ 14-15.) Wilson alleges that both these entities have their primary places of business in West Palm Beach, Florida. (Doc. 1, ¶¶ 17-18.) Since the plaintiff and at least two defendants are citizens of the same state, the proposed amended complaint would therefore not fall under this Court's diversity jurisdiction. See 28 U.S.C. § 1332(a).

Finally, to the extent either diversity or federal question jurisdiction might otherwise be implicated here, dismissal is still appropriate under the Rooker-Feldman doctrine. Rooker-Feldman prohibits federal district courts from exercising appellate jurisdiction over state judgments. Vasquez v. YII Shipping Co., Ltd., 692 F.3d 1192, 1195 (11th Cir. 2012). Rooker-Feldman does not deprive a federal court of jurisdiction over every case that might overlap in some way with a state case, Bates v. Harvey, 518 F.3d 1222, 1241 (11th Cir. 2008), but does cover "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). That is precisely what Wilson seeks in his proposed amended complaint. He asks the Court to overturn the foreclosure judgment against him and enjoin the scheduled sale of his property because the plaintiff in the state case (a defendant here) allegedly procured the judgment without standing and despite

3

failing to comply with certain Florida rules of procedure. (See Doc. 5-1, ¶¶ 6, 14.) These are issues the Florida First District Court of Appeal, not this Court, might consider on appeal.[3] The motion for leave to amend is due to be denied on these grounds, as well.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Leave of Court to Amend Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. The Clerk should close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 11th day of June, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Counsel of record

Pro se plaintiff

---

[3] From a review of the state court docket, it appears Wilson has not appealed the foreclosure judgment, though there may still be time for him to do so. See Fla. R. App. P. 9.110(b).

4